IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL CALDWELL, | ) | CASE NO. 1:16 CV 367 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Crystal Denise Caldwell under 42 U.S.C. § 405(g) for

judicial review of the final decision of the Commissioner of Social Security denying her

applications for disability insurance benefits and supplemental security income.[2] The

Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Caldwell who was 52 years old at the time of the administrative hearing,[11] did not graduate high school but has a general equivalency diploma.[12]   She lives alone in an apartment[13] and her past employment history includes working as a home health aide and nurse's assistant.[14]

---

[5] ECF # 5.

[6] ECF # 12.

[7] ECF # 22 (Commissioner's brief); ECF # 16 (Caldwell's brief).

[8] ECF # 22-1 (Commissioner's charts); ECF # 16-1 (Caldwell's charts).

[9] ECF # 17 (Caldwell's fact sheet).

[10] ECF # 24.

[11] ECF # 17 at 1.

[12] *Id*.

[13] ECF # 10, Transcript ("Tr.") at 276.

[14] *Id*. at 367.

The ALJ, whose decision became the final decision of the Commissioner, found that Caldwell had the following severe impairments: cervical disc disease, right knee pain, obesity, back pain, and depression (20 CFR 404.1520(c) and 416.920(c)).[15]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Caldwell's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs.  She can never climb ladders, ropes, and scaffolds.  The claimant can occasionally stoop, kneel, crouch and crawl.  She is able to perform tasks that do not require raising her arms over shoulder level.  The claimant is able to perform simple and some multi-step tasks in a static setting.  She is able to perform tasks that do not require close sustained focus/attention or sustained fast pace.  Finally, she is limited to superficial interaction with others.[16]

Given that residual functional capacity, the ALJ found Caldwell incapable of performing his past relevant work as a home health aide and nurse's assistant.[17] Applying the medical-vocational grids in Appendix 2 of the regulations, the ALJ found Caldwell not under a disability.[18]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ

---

[15] *Id*. at 362.

[16] *Id.* at 364-365.

[17] *Id*. at 367.

[18] *Id*. at 368.

determined that a significant number of jobs existed locally and nationally that Caldwell could perform.[19] The ALJ, therefore, found Caldwell not under a disability.[20]

## B.    Issues on judicial review

Caldwell asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Caldwell presents the following issues for judicial review:

- Whether the ALJ erred in determining that Ms. Caldwell retained the residual functional capacity to perform a range of light work.

- Whether the ALJ erred in relying on vocational expert testimony when finding that Ms. Caldwell could perform other work that exists in significant numbers in the national economy.

- Whether remand is warranted for the consideration of new and material evidence.[21]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded.

---

[19] *Id.*

[20] *Id.* at 369.

[21] ECF #16 at 1.

-4-

# Analysis

**A.**    **Standards of review**

*1.*    *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable

to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[22]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds

could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[22] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[23] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[24]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B.    Application of standards

Although the claimant has raised several issues for judicial review, only one of them is dispositive.  And, as discussed below, the presence of new and material evidence, as well as an RFC opinion from a new treating source, requires that the matter be remanded.

Essentially, Caldwell originally submitted her application for benefits based on a claim of disability from a lumbar spine impairment and problems with her knee.[25] But, shortly before the administrative hearing in this matter, which was conducted on July 30, 2014,[26] an MRI done on May 19, 2014  revealed that Caldwell had multilevel cervical disk disease with, at C 3-4, central canal stenosis without cord compression; at C 4-5 and C 5-6, central canal stenosis with cord compression and bilateral spondylitic foraminal stenosis at C 5, and lordotic strengthening consistent with muscle spasm.[27]

---

[23] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[24] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[25] *See*, ECF # 16 at 4 (citing transcript).

[26] Tr. at 360.

[27] *Id.* at 937.

An examination of Caldwell on July 23, 2014 by Dr. Antwon Morton, D.O., confirmed the MRI findings and showed that there was decreased cervical ranges of motion.[28] At a follow-up examination in October 2014, Dr. Morton's findings were unchanged,[29] and he contemporaneously issued an RFC opinion that described various limitations to Caldwell's ability walk, stand, sit, and perform gross and fine manipulations, as well as discussed her need to elevate her legs and take unscheduled breaks from work.[30]

It is well-settled that a reviewing court may order a matter remanded under Sentence Six of 42 U.S.C. § 405(g) for the consideration of new and material evidence.[31]  The claimant bears the burden of showing that any additional evidence is both new and material, and that there exists good cause for not presenting the evidence to the administrative law judge at the hearing.[32]  Good cause is shown by demonstrating a reasonable justification for failing to acquire and present the evidence at the administrative hearing.[33]

Evidence is new for purposes of Sentence Six if it was "not in existence or available to the claimant at the time of the administrative proceeding."[34]  Evidence is material if there

---

[28] *Id*. at 1002-04.

[29] *Id*. at 161-67.

[30] *Id*. at 996-97.

[31] *Cline v. Comm'r of Soc. Sec*., 96 F.3d 146, 148 (6th Cir. 1996).

[32] *Hollon ex rel. Hollon v. Comm'r of Soc. Sec*., 447 F.3d 477, 483 (6th Cir. 2006).

[33] *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

[34] *Sullivan v. Finklestein,* 496 U.S. 617, 626 (1990).

-7-

is a reasonable probability that the Commissioner would reach a different conclusion as to the disability claim if presented with the new evidence.[35]

Here, Caldwell has satisfied the requirements for a Sentence Six remand. The evidence at issue is new, in that it primarily consists of a functional opinion by a treating source[36] that was not in existence or available to Caldwell at the time of the administrative hearing.  Moreover, the evidence is material in that this opinion, if given controlling weight, would likely result in the claimant being reduced to the ability to perform sedentary work,[37] rather than a range of light work, as was determined here by the ALJ.[38]

The Commissioner argues that Dr. Morton's opinion is flawed, and so not material, because he only saw the claimant twice and the opinion lacks the clinical findings to support it.[39]  But, this is precisely the analysis that must be done by the ALJ in determining how to weigh and handle Dr. Morton's opinion, and it is not the province of the reviewing court to preclude that analysis by substituting its own findings on that score.

---

[35] *Faucher v. Sec'y of Health and Human Services,* 17 F.3d 171, 174 (6th Cir. 1994).

[36] In addition, it would also consist of the two physical examinations of Caldwell by that source which serve to support, in part, the opinion.

[37] As Caldwell notes, sedentary work in her situation would mean that under the medical-vocational guidelines she would be found disabled. ECF # 16 at 21.

[38] *See*, tr. at 368-69.

[39] ECF # 22 at 13-14.

## Conclusion

Accordingly, for the reasons stated, the matter is remanded under Sentence Six for further proceedings consistent with this opinion

IT IS SO ORDERED.

Dated: March 13, 2017            s/ William H. Baughman, Jr.
                                                United States Magistrate Judge